(Slip Opinion) OCTOBER TERM, 2018 1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## COCHISE CONSULTANCY, INC., ET AL. *v.* UNITED STATES EX REL. HUNT

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 18–315. Argued March 19, 2019—Decided May 13, 2019

The False Claims Act permits a private person, known as a relator, to bring a *qui tam* civil action "in the name of the [Federal] Government," 31 U. S. C. §3730(b), against "any person" who "knowingly presents . . . a false or fraudulent claim for payment" to the Government or to certain third parties acting on the Government's behalf, §§3729(a), (b)(2). The Government may choose to intervene in the action. See §§3730(b)(2), (4). Two limitations periods apply to a "civil action under section 3730." §3731(b). An action must be brought within either 6 years after the statutory violation occurred, §3731(b)(1), or 3 years after the "the official of the United States charged with responsibility to act in the circumstances" knew or should have known the relevant facts, but not more than 10 years after the violation, §3731(b)(2). The period providing the later date serves as the limitations period.

In November 2013, respondent Hunt filed a complaint alleging that petitioners—two defense contractors (collectively, Cochise)—defrauded the Government by submitting false payment claims for providing security services in Iraq up until early 2007. Hunt claims that he revealed Cochise's allegedly fraudulent scheme during a November 30, 2010, interview with federal officials about his role in an unrelated contracting fraud in Iraq. The United States declined to intervene in the action, and Cochise moved to dismiss the complaint as barred by the statute of limitations. Hunt countered that his complaint was timely under §3731(b)(2). In dismissing the action, the District Court considered three potential interpretations: that §3731(b)(2) does not apply to a relator-initiated action in which the Government elects not to intervene; that §3731(b)(2) applies in non-

intervened actions, and the limitations period begins when the relator knew or should have known the relevant facts; or that §3731(b)(2) applies in nonintervened actions, and the limitations period begins when the Government official responsible for acting knew or should have known the relevant facts. The court rejected the third interpretation and found that Hunt's complaint would be untimely under either of the first two. The Eleventh Circuit reversed and remanded, adopting the third interpretation.

*Held*:

1. The limitations period in §3731(b)(2) applies in a relator-initiated suit in which the Government has declined to intervene. Both Government-initiated suits under §3730(a) and relator-initiated suits under §3730(b) are "civil action[s] under section 3730." Thus, the plain text of the statute makes the two limitations periods applicable in both types of suits. Cochise claims that starting a limitations period when the party entitled to bring a claim learns the relevant facts is a default rule of tolling provisions, so subsection (b)(2) should apply only when the Government is a party. But treating a relator-initiated, nonintervened suit as a "civil action under section 3730" for purposes of subsection (b)(1) but not subsection (b)(2) is at odds with fundamental rules of statutory interpretation. Because a single use of a statutory phrase generally must have a fixed meaning, see *Ratzlaf* v. *United States*, 510 U. S. 135, 143, interpretations that would "attribute different meanings to the same phrase" should be avoided, *Reno* v. *Bossier Parish School Bd.*, 528 U. S. 320, 329. Here, the clear text of the statute controls. Cochise's reliance on *Graham County Soil & Water Conservation Dist.* v. *United States ex rel. Wilson*, 545 U. S. 409, is misplaced. Nothing in *Graham County* supports giving the phrase "civil action under section 3730" in §3731(b) two different meanings depending on whether the Government intervenes. While the *Graham County* Court sought "a construction that avoids . . . counterintuitive results," there the text "admit[ted] of two plausible interpretations." *Id.,* at 421, 419, n. 2. Here, Cochise points to no other plausible interpretation of the text, so the "'judicial inquiry is complete.'" *Barnhart* v. *Sigmon Coal Co.,* 534 U. S. 438, 462. Pp. 4–8.

2. The relator in a nonintervened suit is not "the official of the United States" whose knowledge triggers §3731(b)(2)'s 3-year limitations period. The statute provides no support for such a reading. First, a private relator is neither appointed as an officer of the United States nor employed by the United States. Second, the provision authorizing *qui tam* suits is entitled "Actions by Private Persons." §3730(b). Third, the statute refers to "the" official "charged with responsibility to act in the circumstances." Regardless of precisely

Syllabus

which official or officials the statute is referring to, §3731(b)(2)'s use of the definite article "the" suggests that Congress did not intend for private relators to be considered "the official of the United States." See *Rumsfeld* v. *Padilla*, 542 U. S. 426, 434. Nor are private relators "charged with responsibility to act" in the sense contemplated by §3731(b), as they are not required to investigate or prosecute a False Claims Act action. Pp. 8–9.

887 F. 3d 1081, affirmed.

THOMAS, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 18–315

_____

## COCHISE CONSULTANCY, INC., ET AL., PETITIONERS *v.* UNITED STATES, EX REL. BILLY JOE HUNT

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

[May 13, 2019]

JUSTICE THOMAS delivered the opinion of the Court.

The False Claims Act contains two limitations periods that apply to a "civil action under section 3730"—that is, an action asserting that a person presented false claims to the United States Government. 31 U. S. C. §3731(b). The first period requires that the action be brought within 6 years after the statutory violation occurred. The second period requires that the action be brought within 3 years after the United States official charged with the responsibility to act knew or should have known the relevant facts, but not more than 10 years after the violation. Whichever period provides the later date serves as the limitations period.

This case requires us to decide how to calculate the limitations period for *qui tam* suits in which the United States does not intervene. The Court of Appeals held that these suits are "civil action[s] under section 3730" and that the limitations periods in §3731(b) apply in accordance with their terms, regardless of whether the United States intervenes. It further held that, for purposes of the second period, the private person who initiates the *qui tam* suit

cannot be deemed the official of the United States. We agree, and therefore affirm.

## I

As relevant, the False Claims Act imposes civil liability on "any person" who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to the Government or to certain third parties acting on the Government's behalf. 31 U. S. C. §§3729(a), (b)(2). Section 3730 authorizes two types of actions: First, the Attorney General, who "diligently shall investigate a violation under section 3729," may bring a civil action against the alleged false claimant. §3730(a). Second, a private person, known as a relator, may bring a *qui tam* civil action "for the person and for the United States Government" against the alleged false claimant, "in the name of the Government." §3730(b).

If a relator initiates the action, he must deliver a copy of the complaint and supporting evidence to the Government, which then has 60 days to intervene in the action. §§3730(b)(2), (4). During this time, the complaint remains sealed. §3730(b)(2). If the Government intervenes, it assumes primary responsibility for prosecuting the action, though the relator may continue to participate. §3730(c). Otherwise, the relator has the right to pursue the action. §§3730(b)(4), (c)(3). Even if it does not intervene, the Government is entitled to be served with all pleadings upon request and may intervene at any time with good cause. §3730(c)(3). The relator receives a share of any proceeds from the action—generally 15 to 25 percent if the Government intervenes, and 25 to 30 percent if it does not—plus attorney's fees and costs. §§3730(d)(1)–(2). See *Vermont Agency of Natural Resources* v. *United States ex rel. Stevens*, 529 U. S. 765, 769–770 (2000).

At issue here is the Act's statute of limitations, which provides:

"(b) A civil action under section 3730 may not be brought—

"(1) more than 6 years after the date on which the violation of section 3729 is committed, or

"(2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,

"whichever occurs last." §3731(b).

On November 27, 2013, respondent Billy Joe Hunt filed a complaint alleging that petitioners—two defense contractors (collectively, Cochise)—defrauded the Government by submitting false claims for payment under a subcontract to provide security services in Iraq "from some time prior to January 2006 until early 2007." App. 43a. A little less than three years before bringing his complaint, Hunt was interviewed by federal agents about his role in an unrelated contracting fraud in Iraq. Hunt claims to have revealed Cochise's allegedly fraudulent scheme during this November 30, 2010, interview.

The United States declined to intervene in Hunt's action, and Cochise moved to dismiss the complaint as barred by the statute of limitations. Hunt conceded that the 6-year limitations period in §3731(b)(1) had elapsed before he filed suit on November 27, 2013. But Hunt argued that his complaint was timely under §3731(b)(2) because it was filed within 3 years of the interview in which he informed federal agents about the alleged fraud (and within 10 years after the violation occurred).

The District Court dismissed the action. It considered three potential interpretations of §3731(b). Under the first interpretation, §3731(b)(2) does not apply to a relator-initiated action in which the Government elects not to

intervene, so any such action must be filed within six years after the violation. Under the second interpretation, §3731(b)(2) applies in nonintervened actions, and the limitations period begins when the relator knew or should have known the relevant facts. Under the third interpretation, §3731(b)(2) applies in nonintervened actions, and the limitations period begins when "the official of the United States charged with responsibility to act in the circumstances" knew or should have known the relevant facts. The District Court rejected the third interpretation and declined to choose between the first two because it found that Hunt's complaint would be untimely under either. The Court of Appeals reversed and remanded, adopting the third interpretation. 887 F. 3d 1081 (CA11 2018).

Given a conflict between the Courts of Appeals,* we granted certiorari. 586 U. S. ___ (2018).

## II

The first question before us is whether the limitations period in §3731(b)(2) is available in a relator-initiated suit in which the Government has declined to intervene. If so, the second question is whether the relator in such a case should be considered "the official of the United States" whose knowledge triggers §3731(b)(2)'s 3-year limitations period.

## A

Section 3731(b) sets forth two limitations periods that apply to "civil action[s] under section 3730." Both

––––––––––

*Compare 887 F. 3d 1081, 1089–1097 (CA11 2018) (adopting the third interpretation), with *United States ex rel. Hyatt* v. *Northrop Corp.*, 91 F. 3d 1211, 1216–1218 (CA9 1996) (adopting the second interpretation); *United States ex rel. Sanders* v. *North Am. Bus Industries*, *Inc.*, 546 F. 3d 288, 293–294 (CA4 2008) (adopting the first interpretation); and *United States ex rel. Sikkenga* v. *Regence Bluecross Blueshield of Utah*, 472 F. 3d 702, 725–726 (CA10 2006) (same).

Government-initiated suits under §3730(a) and relator-initiated suits under §3730(b) are "civil action[s] under section 3730." Thus, the plain text of the statute makes the two limitations periods applicable in both types of suits.

Cochise agrees with that view as to the limitations period in §3731(b)(1), but argues that the period in §3731(b)(2) is available in a relator-initiated suit only if the Government intervenes. According to Cochise, starting a limitations period when the party entitled to bring a claim learns the relevant facts is a default rule of tolling provisions, so subsection (b)(2) should be read to apply only when the Government is a party. In short, under Cochise's reading, a relator-initiated, nonintervened suit is a "civil action under section 3730" for purposes of subsection (b)(1) but not subsection (b)(2).

This reading is at odds with fundamental rules of statutory interpretation. In all but the most unusual situations, a single use of a statutory phrase must have a fixed meaning. See *Ratzlaf* v. *United States*, 510 U. S. 135, 143 (1994). We therefore avoid interpretations that would "attribute different meanings to the same phrase." *Reno* v. *Bossier Parish School Bd.*, 528 U. S. 320, 329 (2000). Here, either a relator-initiated, nonintervened suit is a "civil action under section 3730"—and thus subject to the limitations periods in subsections (b)(1) and (b)(2)—or it is not. It is such an action. Whatever the default tolling rule might be, the clear text of the statute controls this case.

Under Cochise's reading, a relator-initiated civil action would convert to "[a] civil action under section 3730" for purposes of subsection (b)(2) if and when the Government intervenes. That reading cannot be correct. If the Government intervenes, the civil action remains the same—it simply has one additional party. There is no textual basis to base the meaning of "[a] civil action under section 3730" on whether the Government has intervened.

Cochise relies on our decision in *Graham County Soil & Water Conservation Dist.* v. *United States ex rel. Wilson*, 545 U. S. 409 (2005), which addressed the question whether §3731(b)(1) or federal common law provided the limitations period for §3730(h) retaliation actions. Section 3730(h) creates a cause of action for an employee who suffers retaliation for, among other things, assisting with the prosecution of a False Claims Act action. At the time, §3730(h) did not specify a time limit for bringing a retaliation action, so the question before us was whether the phrase "civil action under section 3730" in §3731(b) encompassed actions under §3730(h). We considered the statute "ambiguous because its text, literally read, admits of two plausible interpretations." *Id.*, at 419, n. 2. One reading was that a "civil action under section 3730" includes §3730(h) actions because such actions arise under §3730. *Id.*, at 415. "Another reasonable reading" was that a "civil action under section 3730" "applies only to actions arising under §§3730(a) and (b)" because "§3731(b)(1) t[ies] the start of the time limit to 'the date on which the violation of section 3729 is committed.'" *Ibid.* That reading had force because retaliation claims need not involve an actual violation of §3729. *Ibid.* Looking to statutory context, we explained that the phrase "'civil action under section 3730' means only those civil actions under §3730 that have as an element a 'violation of section 3729,' that is, §§3730(a) and (b) actions"—not §3730(h) retaliation actions. *Id.*, at 421–422.

A relator-initiated, nonintervened suit arises under §3730(b) and has as an element a violation of §3729. *Graham County* supports our reading. Nonetheless, Cochise points out that in considering the statutory context, we discussed a similar phrase contained in §3731(c) (now §3731(d)), which stated: "In *any action brought under section 3730*, the United States shall be required to prove all essential elements of the cause of action, including

damages, by a preponderance of the evidence." (Emphasis added.) We explained that §3731(c) "use[d] the similarly unqualified phrase 'action brought under section 3730' to refer only to §§3730(a) and (b) actions." *Id.*, at 417–418. We then stated: "As [respondent] and the United States concede, the context of this provision implies that the phrase 'any action brought under section 3730' is limited to §3730(a) actions brought by the United States and §3730(b) actions in which the United States intervenes as a party, as those are the types of §3730 actions in which the United States necessarily participates." *Id.*, at 418.

Cochise contends that we should adopt a similar construction of the phrase "civil action under section 3730" in §3731(b). We disagree. Our discussion of §3731(c) was focused on "the context of th[at] provision" and on whether it could be read to impose the burden of proof on the Government even in cases where the Government did not participate. *Id.*, at 418. Those considerations do not apply here; there is nothing illogical about reading §3731(b) to apply in accordance with its plain terms. Moreover, if a "civil action under section 3730" included only an action in which the Government participates for purposes of §3731(b)(2), then we would be obligated to give it a like meaning for purposes of §3731(b)(1). This would mean that a relator-initiated, nonintervened suit would be subject to neither §3731(b)(1) nor §3731(b)(2)—a reading Cochise expressly disclaims. See Brief for Petitioners 20, n. 3. Nothing in *Graham County* supports giving the same phrase in §3731(b) two different meanings depending on whether the Government intervenes.

Again pointing to *Graham County*, Cochise next contends that our reading would lead to "'counterintuitive results.'" Brief for Petitioners 26. For instance, if the Government discovers the fraud on the day it occurred, it would have 6 years to bring suit, but if a relator instead discovers the fraud on the day it occurred and the Gov-

ernment does not discover it, the relator could have as many as 10 years to bring suit. That discrepancy arises because §3731(b)(2) begins its limitations period on the date that "the official of the United States charged with responsibility to act" obtained knowledge of the relevant facts. But we see nothing unusual about extending the limitations period when the Government official did not know and should not reasonably have known the relevant facts, given that the Government is the party harmed by the false claim and will receive the bulk of any recovery. See §3730(d). In any event, a result that "may seem odd . . . is not absurd." *Exxon Mobil Corp.* v. *Allapattah Services, Inc.*, 545 U. S. 546, 565 (2005). Although in *Graham County* we sought "a construction that avoids . . . counterintuitive results," there the text "admit[ted] of two plausible interpretations." 545 U. S., at 421, 419, n. 2. Here, Cochise points to no other plausible interpretation of the text, so the "'judicial inquiry is complete.'" *Barnhart* v. *Sigmon Coal Co.*, 534 U. S. 438, 462 (2002).

B

Cochise's fallback argument is that the relator in a nonintervened suit should be considered "the official of the United States charged with responsibility to act in the circumstances," meaning that §3731(b)(2)'s 3-year limitations period would start when the relator knew or should have known about the fraud. But the statute provides no support for reading "the official of the United States" to encompass a private relator.

First, a private relator is not an "official of the United States" in the ordinary sense of that phrase. A relator is neither appointed as an officer of the United States, see U. S. Const., Art. II, §2, cl. 2, nor employed by the United States. Indeed, the provision that authorizes *qui tam* suits is entitled "Actions by Private Persons." §3730(b). Although that provision explains that the action is

brought "for the person and for the United States Government" and "in the name of the Government," *ibid.*, it does not make the relator anything other than a private person, much less "the official of the United States" referenced by the statute. Cf. *Stevens*, 529 U. S., at 773, n. 4 ("[A] *qui tam* relator is, in effect, suing as a partial assignee of the United States" (emphasis deleted)).

Second, the statute refers to "the" official "charged with responsibility to act in the circumstances." The Government argues that, in context, "the" official refers to the Attorney General (or his delegate), who by statute "shall investigate a violation under section 3729." §3730(a). Regardless of precisely which official or officials the statute is referring to, §3731(b)(2)'s use of the definite article "the" suggests that Congress did not intend for any and all private relators to be considered "the official of the United States." See *Rumsfeld* v. *Padilla*, 542 U. S. 426, 434 (2004) (explaining that the "use of the definite article . . . indicates that there is generally only one" person covered). More fundamentally, private relators are not "charged with responsibility to act" in the sense contemplated by §3731(b), as they are not required to investigate or prosecute a False Claims Act action.

\*   \*   \*

For the foregoing reasons, the judgment of the Court of Appeals is

*Affirmed.*