**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 28, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA EX. REL.
MARK CHRISTOPHER TRACY,

     Plaintiff - Appellant,

v.

EMIGRATION IMPROVEMENT
DISTRICT, a Utah Special Service District;
BARNETT INTERMOUNTAIN WATER
CONSULTING, a Utah corporation;
CAROLLO ENGINEERS, INC., a California
professional corporation; R. STEVE
CREAMER, an individual; FRED A.
SMOLKA, an individual; MICHAEL
HUGHES, an individual, a/k/a Michael Scott
Hughes; MARK STEVENS, an individual;
DAVID BRADFORD, an individual; LYNN
HALES, an individual; ERIC HAWKES, an
individual; DON A. BARNETT, an
individual; JOE SMOLKA, an individual;
RONALD R. RASH, an individual;
KENNETH WILDE, an individual;
MICHAEL B. GEORGESON, an individual;
KEVIN W. BROWN, an individual,

     Defendants - Appellees,

and

THE BOYER COMPANY, L.C., a Utah
company; CITY DEVELOPMENT, INC., a
Utah corporation,

     Defendants.
_____

No. 18-4109
(D.C. No. 2:14-CV-00701-JNP)
(D. Utah)

UNITED STATES OF AMERICA EX. REL.
MARK CHRISTOPHER TRACY,

     Plaintiff - Appellant,

v.

EMIGRATION IMPROVEMENT
DISTRICT, a Utah Special Service District;
MICHAEL HUGHES, an individual, a/k/a
Michael Scott Hughes; MARK STEVENS, an
individual; FRED A. SMOLKA, an
individual; DAVID BRADFORD, an
individual; ERIC HAWKES, an individual;
LYNN HALES, an individual,

     Defendants - Appellees,

 and

AQUA ENGINEERING, a Utah corporation;
BARNETT INTERMOUNTAIN WATER
CONSULTING, a Utah corporation; DON
BARNETT; AQUA ENVIRONMENTAL
SERVICES, INC., a Utah corporation; KEVIN
W. BROWN, an individual; CAROLLO
ENGINEERS, INC., a California Professional
corporation; CITY DEVELOPMENT, a Utah
corporation; R. STEVE CREAMER, an
individual; LARRY HALL, an individual;
THE BOYER COMPANY, a Utah company;
JOE SMOLKA, an individual; RONALD R.
RASH; KENNETH WILDE, an individual;
MICHAEL B. GEORGESON, an individual;
ROBERT ROUSSELLE, an individual,

     Defendants.

_____

UNITED STATES OF AMERICA EX. REL.

No. 19-4021
(D.C. No. 2:14-CV-00701-JNP)
(D. Utah)

MARK CHRISTOPHER TRACY,

    Plaintiff - Appellee,

v.

EMIGRATION IMPROVEMENT
DISTRICT, a Utah Special Service District;
MICHAEL HUGHES, an individual, a/k/a
Michael Scott Hughes; MARK STEVENS, an
individual; FRED A. SMOLKA, an
individual; DAVID BRADFORD, an
individual; ERIC HAWKES, an individual;
LYNN HALES, an individual,

    Defendants - Appellants,

and

AQUA ENGINEERING, a Utah corporation;
BARNETT INTERMOUNTAIN WATER
CONSULTING, a Utah corporation; DON
BARNETT; AQUA ENVIRONMENTAL
SERVICES, INC., a Utah corporation; KEVIN
W. BROWN, an individual; CAROLLO
ENGINEERS, INC., a California Professional
corporation; CITY DEVELOPMENT, a Utah
corporation; R. STEVE CREAMER, an
individual; LARRY HALL, an individual;
THE BOYER COMPANY, a Utah company;
JOE SMOLKA, an individual; RONALD R.
RASH; KENNETH WILDE, an individual;
MICHAEL B. GEORGESON, an individual;
ROBERT ROUSSELLE, an individual,

    Defendants.

------------------------------

CHRISTENSEN & JENSEN, P.C.,

    Attorney - Appellee.

_____

No. 19-4022
(D.C. No. 2:14-CV-00701-JNP)
(D. Utah)

3

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Mark Tracy appeals the district court's orders dismissing his complaint and requiring him to pay attorneys' fees to Emigration Improvement District (EID) and other defendants. EID cross-appeals the portion of the order on attorneys' fees declining to hold Tracy's attorneys jointly and severally liable for those fees. For the reasons explained below, we vacate the district court's orders and remand for further proceedings.

## Background

Tracy sued EID and others on September 26, 2014, alleging, among other things, that EID made false statements to obtain a federal loan for a water project in violation of the False Claims Act (FCA), 31 U.S.C. §§ 3729–33. Tracy amended his complaint several times, and the United States declined to intervene on several occasions. Ultimately, Tracy alleged two causes of action in his third amended complaint: a reverse false claim under § 3729(a)(1)(G) and a direct false claim under § 3729(a)(1)(A) and (B).

The district court dismissed Tracy's complaint with prejudice. As to his § 3729(a)(1)(G) cause of action, the district court concluded that Tracy failed to state

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

a claim on which relief could be granted.[1] Regarding his cause of action under § 3729(a)(1)(A) and (B), the district court determined that even if Tracy stated a claim—which the district court assumed but did not decide—this claim was nevertheless barred by the statute of limitations. In so holding, the district court noted that our precedent required it to apply the six-year statute of limitations set forth in § 3731(b)(1) to relator-initiated FCA complaints such as Tracy's, rather than the ten-year statute of limitations set forth in § 3731(b)(2). *See United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 725 (10th Cir. 2006), *abrogated by Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct. 1507 (2019). The district court explained that "[a]ny false statements that induced the [g]overnment to disburse the . . . loan must necessarily have occurred before the date of the final disbursement: September 29, 2004." *United States ex rel. Tracy v. Emigration Improvement Dist.*, No. 2:14-cv-00701, 2018 WL 3111687, at *4 (D. Utah June 22, 2018) (unpublished). And because Tracy did not sue EID until September 26, 2014—nearly ten years after that last disbursement—the six-year limitations period under § 3731(b)(1) had long since passed.

The district court later entered an order requiring Tracy to pay $92,665 in attorneys' fees and expenses to EID because (1) EID had prevailed and (2) Tracy's "claim[s] . . . [were] clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4). According to the district court,

---

[1] Tracy does not appeal the dismissal of his § 3729(a)(1)(G) cause of action.

5

Tracy's cause of action arising under § 3729(a)(1)(A) and (B) was clearly frivolous because Tracy urged the district court to "simply ignore" *Sikkenga*. *United States ex rel. Tracy v. Emigration Improvement Dist.*, No. 2:14-cv-00701, 2019 WL 6830890, at *4 (D. Utah Feb. 5, 2019). The district court also noted that "[e]ach time the underlying facts were disproved, Tracy changed the basic factual assertions giving rise to his complaint and made arguments clearly contrary to Tenth Circuit law." *Id.* Additionally, the district court explained, Tracy alleged "new damages" after the six-year period had expired without any factual support for those damages. *Id.* The district court further concluded that Tracy's § 3729(a)(1)(G) cause of action was also frivolous because "the terms of the loan documents are inconsistent with Tracy's conclusory allegation[s]." *Id.* at *5. And overall, it stated that Tracy's lawsuit was "clearly vexatious" and "indicate[d] bad faith and a clear intent to harass" because he used the litigation to "air personal grievances" and because he directed his attorneys to file a wrongful *lis pendens* on EID's water rights at the outset of the litigation.[2] *Id.* at *6.

But the district court declined to hold Tracy's attorneys jointly and severally

---

[2] After the district court found that Tracy wrongfully filed the *lis pendens*—which is a notice of pending litigation "recorded in the chain of title to real property"—on EID's water rights, it ordered Tracy to pay statutory damages and reasonable attorneys' fees to EID. *Lis pendens*, Black's Law Dictionary (11th ed. 2019). Tracy's attorneys objected to being held jointly and severally liable for the damages and fees. The district court concluded that this objection created a conflict between Tracy and his attorneys, so it disqualified them. *See United States ex rel. Tracy v. Emigration Improvement Dist.*, 717 F. App'x 778, 782 (10th Cir. 2017) (unpublished). But after Tracy's attorneys withdrew their objection and offered to pay the damages and fees, the district court reinstated them.

liable with Tracy for EID's attorneys' fees because after being disciplined for their conduct related to the wrongful *lis pendens*, his attorneys had not "multiplie[d] the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927. Specifically, the district court concluded that Tracy's conduct was not attributable to his attorneys because the attorneys filed Tracy's clearly frivolous complaint "based upon factual representations made by Tracy."[3] *Tracy*, No. 2:14-cv-00701, 2019 WL 6830890, at *7. Further, it noted that Tracy's attorneys had not, unlike Tracy, "us[ed] the lawsuit and its allegations to attack [EID] and its business operations." *Id.*

Tracy appeals the dismissal of his cause of action arising under § 3729(a)(1)(A) and (B), as well as the § 3730(d)(4) award against him; EID cross-appeals from the portion of the fee award declining to hold Tracy's attorneys jointly and severally liable under § 1927.

**Analysis**

In light of an intervening Supreme Court decision, we vacate both of the district court's orders. After Tracy and EID briefed the statute-of-limitations issue, the Supreme Court found that the ten-year § 3731(b)(2) period also applies to private relators, abrogating our holding in *Sikkenga*. *See Cochise Consultancy, Inc.*, 139 S. Ct. at 1511–12. But the district court did not evaluate the timeliness of Tracy's

---

[3] Despite this finding, the district court attributed to Tracy alone conduct that, on its face, appears attributable to his attorneys, such as drafting pleadings and "ma[king] arguments clearly contrary to Tenth Circuit law." *Tracy*, No. 2:14-cv-00701, 2019 WL 6830890, at *4. But because we remand on the statute-of-limitations issue, we do not reach the issue of whether the district court abused its discretion in making this finding.

7

complaint under § 3731(b)(2) because at the time of its decision, it was bound by *Sikkenga*. And in so doing, it only assumed without deciding that September 29, 2004, was the "the last possible date" that an FCA violation could have occurred. *Tracy*, No. 2:14-cv-00701, 2018 WL 3111687, at \*4. Now that § 3731(b)(2)'s ten-year period applies to Tracy's allegations, we remand for the district court to decide in the first instance whether Tracy filed his complaint "more than 10 years after the date on which the violation [wa]s committed." § 3731(b)(2).

Because we vacate the district court's dismissal order, we must also vacate its order on attorneys' fees. To receive "reasonable attorneys' fees and expenses" from Tracy, EID must "prevail[]" in the action." § 3730(d)(4). And we cannot say that EID "prevail[ed] in the action" until the district court decides whether any violation of § 3729(a)(1)(A) or (B) occurred less than 10 years before Tracy filed his initial complaint. *Id.* On remand, the district court may again find Tracy's "claim[s] . . . clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." *Id.* But it should first determine whether EID in fact "prevails in the action." *Id.* Finally, because the district court premised its § 1927 ruling on joint-and-several liability—that is, because it considered only whether Tracy's attorneys should be held liable *along with* Tracy for the award against Tracy under § 3730(d)(4)—we also vacate the portion of the district court's order declining to hold Tracy's attorneys jointly and severally liable under § 1927.

8

## Conclusion

Accordingly, we vacate the orders of the district court and remand for further proceedings.

Entered for the Court

Nancy L. Moritz
Circuit Judge