**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES W. HOUPT, United States of America, ex rel., | No. 19-35205 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-00377-CWD |
| v. | MEMORANDUM[*] |
| WELLS FARGO BANK, N.A., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Submitted April 1, 2020[**]
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Charles W. Houpt appeals the district court's grant of summary judgment in

his *qui tam* action under the False Claims Act ("FCA") against Wells Fargo Bank,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

N.A. ("Wells Fargo"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo the district court's ruling on cross-motions for summary judgment." *Equal Emp't Opportunity Comm'n v. BNSF Ry. Co.*, 902 F.3d 916, 921 (9th Cir. 2018) (italics removed). "Summary judgment is appropriate only if, taking the evidence and all reasonable inferences in the light most favorable to the non-moving party, there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law." *Tauscher v. Phx. Bd. of Realtors, Inc.*, 931 F.3d 959, 962 (9th Cir. 2019). Similarly, "the district court's dismissal on statute of limitations grounds is a question of law reviewed de novo." *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

The district court did not err in granting summary judgment on Houpt's FCA claims under 31 U.S.C. § 3731(b). The FCA's statute of limitations provides that "[a] civil action under section 3730 may not be brought":

> (1) more than 6 years after the date on which the violation of section 3729 is committed, or

> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,

whichever occurs last.

31 U.S.C. § 3731(b)(1)–(2).

Houpt's claims are barred under both provisions of § 3731(b). The six-year statute of limitations in § 3731(b)(1) is keyed to the date "the violation of section 3729 is committed." *Id.* § 3731(b)(1). Thus, because "the FCA attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, but to the claim for payment," we must answer the question (in ascertaining whether Houpt's FCA claims are timely) of when Wells Fargo presented the allegedly false claim to the U.S. Small Business Administration ("SBA"). *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 333 (9th Cir. 2017) (quotation marks omitted). A "claim" "means any request or demand . . . for money or property . . . that . . . is presented to an officer, employee, or agent of the United States." 31 U.S.C. § 3729(b)(2)(A)(i).

Houpt's FCA claims are predicated on Wells Fargo inducing the SBA to pay the loan guarantee based on alleged "false statements and certifications to the SBA" that Wells Fargo had the right to enforce the promissory note and complied with SBA reporting regulations. Assuming Wells Fargo made false statements and certifications to the SBA, the statute of limitations began to run on April 19, 2010, the date Wells Fargo requested the "SBA purchase the guaranteed portion" of the

loan. Therefore, because Houpt did not file suit until September 2017, Houpt's

FCA claims are barred by § 3731(b)(1)'s limitations period.

Houpt's FCA claims are likewise barred by the three-year limitations period[1]

under § 3731(b)(2). The SBA[2] either knew or should have known of the facts

material to Houpt's FCA claims no later than April 30, 2014. Houpt does not

contest that, if Wells Fargo repaid the loan guarantee to the SBA in April 2014,[3]

---

[1] Houpt argues that the district court's holding that the three-year limitations period set forth in § 3731(b)(2) applied was "moot[ed]" by the Supreme Court's decision in *Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct. 1507, 1510 (2019). Contrary to Houpt's argument, *Cochise* did not hold that § 3731(b)(2) creates a ten-year statute of limitations, and the Court, in fact, repeatedly acknowledged that § 3731(b)(2) provides a three-year limitations period. *Id.* at 1510, 1514.

[2] Neither party addresses the question of who, in this case, is properly considered "the official . . . charged with responsibility to act in the circumstances," such that his or her knowledge triggers the three-year statute of limitations in § 3731(b)(2).  Wells Fargo assumes it is the knowledge of the SBA official that is relevant to triggering the three-year statute of limitations. Houpt does not challenge this assumption. Accordingly, we assume without deciding that it is the SBA official's knowledge that is relevant to determining whether Houpt's claims are barred under § 3731(b)(2).

[3] There is no genuine issue of material fact concerning whether Wells Fargo repaid the loan guarantee in April 2014. Representatives of both Wells Fargo and the SBA submitted declarations based on the representatives' personal knowledge that establish that Wells Fargo repaid the loan guarantee. Contrary to Houpt's argument, the lack of formal documentation detailing Wells Fargo's repayment is insufficient to refute the uncontroverted testimony of both Wells Fargo's and the SBA's representatives. For this reason, Houpt's arguments that Wells Fargo violated § 3729(a)(1)(D) and (G) also fail as Houpt's theories of liability are

(continued...)

then the SBA either knew or reasonably should have known of the facts material to Houpt's FCA claims no later than April 30, 2014. Indeed, when the SBA received payment of the guarantee and closed its loan file in April 2014: (1) the SBA would have known what reports, documents, or other information it had or had not received from Wells Fargo; and (2) based on those documents (which included the loan collateral documents), the SBA either knew or should have known whether it should have paid the loan guarantee in 2010. Therefore, because April 30, 2014, falls more than three years before Houpt filed his complaint in this matter, Houpt's FCA claims are barred by the statute of limitations. *See id.* § 3731(b)(2).[4]

**AFFIRMED.**

---

[3](...continued)
predicated on Wells Fargo's failure to repay the loan guarantee.

[4] Because we hold that Houpt's FCA claims are barred by § 3731(b), we do not reach Houpt's other arguments.