ALD-176                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3385
_____

ANDREA GENRETTE, an individual,
Appellant

v.

BANK OF NEW YORK TRUST COMPANY, N.A., a for-profit corporate entity;
OCWEN LOAN SERVICING, LLC, a for-profit corporate entity
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-19-cv-00936)
District Judge:  Honorable Maryellen Noreika
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2020
Before:  MCKEE, SHWARTZ and PHIPPS, Circuit Judges

(Opinion filed: June 8, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Andrea Genrette appeals the District Court's order dismissing her complaint under 28 U.S.C. § 1915(e)(2)(B)(i). For the reasons that follow, we will summarily affirm the District Court's judgment.

Genrette alleged that in 2004, she obtained a mortgage-loan from a now-bankrupt institution and purchased property in New Castle, Delaware. At some point, she was granted a loan modification from the servicer, GMAC Mortgage. That modification, she claims, reduced the amount of principal that she owed. In 2013, the loan was transferred to Bank of New York Mellon, and Ocwen Loan Servicing became the servicer. In her complaint, she alleged that the transfer violated the terms of the applicable pooling and service agreement, and that the transfer was therefore void and Bank of New York Mellon has no interest in her property. She further claims that Ocwen has improperly failed to recognize the loan modification that she entered into with GMAC. She sought money damages and a declaratory judgment that the assignment was void. The District Court dismissed the complaint as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i).

We have jurisdiction pursuant to 28 U.S.C. § 1291. We will summarily affirm a District Court's order if "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4(a). "To be frivolous, a claim must rely on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Neitzke v. Williams, 490 U.S. 319, 327–28 (1989)).

We will summarily affirm the District Court's judgment. First, we agree with the District Court that, as neither a party nor an intended beneficiary to the pooling and

2

servicing agreement, Genrette lacks standing to challenge the assignment of the mortgage on the ground that the assignment did not comply with the agreement's terms. See Rajamin v. Deutsche Bank Nat'l Tr. Co., 757 F.3d 79, 86 (2d Cir. 2014); Reinagel v. Deutsche Bank Nat'l Tr. Co., 735 F.3d 220, 228 (5th Cir. 2013).[1]

We also agree with the District Court's dismissal of Genrette's claim under the False Claims Act (FCA), 31 U.S.C. §§ 3729–3733. As the District Court explained, the FCA allows "a private person, known as a relator, [to] bring a qui tam civil action 'for the person and for the United States Government' against the alleged false claimant, 'in the name of the Government.'" Cochise Consultancy, Inc. v. United States ex rel. Hunt, 139 S. Ct. 1507, 1510 (2019) (quoting 31 U.S.C. § 3730(b)(1)). However, Genrette filed her complaint pro se, and every Court to have considered the issue has ruled that a relator may not file a qui tam action pro se. See U.S. ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 93–94 (2d Cir. 2008) (so concluding and citing decisions from four other Courts of Appeals). Accordingly, we conclude that the District Court was also correct to dismiss this claim.

Finally, the District Court did not err in dismissing Genrette's final claim, in which she alleged that Ocwen improperly failed to recognize her loan modification. Genrette claimed that Ocwen's alleged misconduct occurred when it began servicing the loan in February 2013. She has not identified a specific cause of action for this claim, but

---

[1] In another recent appeal, we ruled that Bank of New York Mellon held the mortgage and note and thus possessed standing to seek relief from an automatic stay in Genrette's bankruptcy proceeding. See In re Genrette, 797 F. App'x 739, 740 (3d Cir. 2020) (non-precedential opinion).

we agree with the District Court that it is best construed as an unjust-enrichment or breach-of-contract claim, both of which have three-year statutes of limitations.  <u>See</u> Del. Code Ann. tit. 10, § 8106(a).  Genrette's claim, which she filed in May 2019, is therefore time-barred.

Accordingly, we will summarily affirm the District Court's judgment.