**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 1, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA ex rel.
MARK CHRISTOPHER TRACY,

     Plaintiff - Appellant,

v.

EMIGRATION IMPROVEMENT
DISTRICT, a Utah Special Service
District; FRED A. SMOLKA, an
individual; MICHAEL HUGHES, an
individual, DAVID BRADFORD, an
individual; MARK STEVENS, an
individual; LYNN HALES, an individual;
ERIC HAWKES, an individual;
BARNETT INTERMOUNTAIN WATER
CONSULTING, a Utah corporation; DON
BARNETT, an individual; JOE SMOLKA,
an individual; KENNETH WILDE, an
individual; RONALD R. RASH, an
individual; KEVIN W. BROWN, an
individual; MICHAEL B. GEORGESON,
an individual; THE BOYER COMPANY,
a Utah company; CITY DEVELOPMENT,
a Utah corporation; R. STEVE
CREAMER, an individual; CAROLLO
ENGINEERS, INC., a California
professional corporation,

     Defendants - Appellees.

_____

UNITED STATES OF AMERICA EX.
REL. MARK CHRISTOPHER TRACY,

     Plaintiff - Appellant,

No. 21-4059
(D.C. No. 2:14-CV-00701-JNP)
(D. Utah)

v.

EMIGRATION IMPROVEMENT
DISTRICT, a Utah Special Service
District; FRED A. SMOLKA, an
individual; MICHAEL HUGHES, an
individual; DAVID BRADFORD, an
individual; MARK STEVENS, an
individual; LYNN HALES, an individual;
ERIC HAWKES, an individual,

       Defendants - Appellees,

and

BARNETT INTERMOUNTAIN WATER
CONSULTING, a Utah corporation; DON
BARNETT, an individual; JOE SMOLKA,
an individual; KENNETH WILDE, an
individual; RONALD R. RASH, an
individual; KEVIN W. BROWN, an
individual; MICHAEL B. GEORGESON,
an individual; THE BOYER COMPANY,
a Utah company; CITY DEVELOPMENT,
a Utah corporation; R. STEVE
CREAMER, an individual; CAROLLO
ENGINEERS, INC., a California
professional corporation,

       Defendants.

No. 21-4143
(D.C. No. 2:14-CV-00701-JNP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

Before **TYMKOVICH**, **BALDOCK**, and **CARSON**, Circuit Judges.

_____

Mark Tracy, acting as a qui tam relator, brought suit on behalf of the United States alleging that Emigration Improvement District (the District) and various other defendants made false statements to obtain a federal loan for a water project in violation of the False Claims Act (FCA), 31 U.S.C. §§ 3729 et seq., and that after the loan proceeds were disbursed, the District failed to comply with conditions of the loan and failed to report this noncompliance to the United States government.[1]  In the operative complaint—the third amended complaint—he asserted a reverse false claim under § 3729(a)(1)(G) and a direct false claim under § 3729(a)(1)(A) and (B).  In a series of orders entered over the course of the litigation, the district court dismissed both claims against all defendants.  In Appeal No. 21-4059, Mr. Tracy appeals the district court's orders dismissing his direct false claim against all defendants as untimely under 31 U.S.C. § 3731(b)(2).  He does not appeal the order dismissing the reverse false claim.  In Appeal No. 21-4143, Mr. Tracy appeals the district court's order awarding attorneys' fees to a subset of defendants pursuant to the FCA's fee-shifting provision, 31 U.S.C. § 3730(d)(4).  We procedurally consolidated

_____

[1] The FCA's qui tam provisions allow an individual to sue on behalf of the government.  31 U.S.C. § 3730(b).  Though the government may intervene and take over a private plaintiff's case, *id.* § 3730(b)(2), it declined to do so in this case.  Mr. Tracy thus conducted the litigation as the relator.  *See id.* § 3730(c)(3).

3

the appeals and, exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm

both orders.[2]

## Background

Our decision in Mr. Tracy's prior appeal describes most of the factual and

procedural background of the underlying litigation in some detail. *See United States*

*ex. rel. Tracy v. Emigration Improvement Dist.* (*Tracy I*), 804 F. App'x 905, 907-09

(10th Cir. 2020). We do not repeat that background here, other than as necessary to

provide context for our consideration of the issues presented in this appeal.

In *Tracy I*, we remanded for the district court to decide whether Mr. Tracy

filed his complaint within the ten-year period established by § 3731(b)(2). *See*

804 F. App'x at 909. Following remand, a subset of defendants—Carollo Engineers,

Inc., the District, Michael Hughes, Mark Stevens, David Bradford, Fred Smolka,

Lynn Hales, Eric Hawkes, and Steve Creamer—filed motions to dismiss the

remaining claim against them pursuant to Fed. R. Civ. P. 12(b)(6) as time-barred.[3]

---

[2] Our caption includes a number of defendants-appellees who did not participate in these appeals. The Boyer Company and City Development did not appear in the district court or participate in the appeals, but they remain in our caption as appellees because although Mr. Tracy did not serve them, he did not voluntarily dismiss his claims against them. Barnett Intermountain Water Consulting, Don Barnett, Joe Smolka, Kenneth Wilde, Kevin W. Brown, and Michael B. Georgeson also did not participate in the appeals, but they are listed as appellees because although Mr. Tracy conceded that his claim against them should be dismissed, he retained his right to appeal that resulting dismissal order.

[3] The moving defendants also sought dismissal on other grounds, but the district court did not address the alternative bases for dismissal.

The issue was whether the period started to run when the District filed the last claim for payment or on the date the government paid that claim. The parties did not dispute the relevant dates—according to documents attached to the third amended complaint, the District submitted its final request for payment on September 13, 2004, and the government paid the claim on September 29, 2004. Mr. Tracy filed suit on September 26, 2014—more than ten years after the District submitted the final claim but less than ten years after the government paid it.

The district court concluded that the relevant date for purposes of § 3731(b)(2) was the date the District submitted its final request for payment and that because Mr. Tracy filed suit more than ten years from that date, the claim was time-barred. The court thus granted the motions to dismiss and dismissed the claim against the moving defendants. The court then ordered Mr. Tracy to show cause why the claim should not also be dismissed as to the remaining defendants. He conceded that, in light of the court's decision on the motions to dismiss, his claim against the remaining defendants should be dismissed. Accordingly, the court dismissed the claim against those defendants and entered judgment in favor of all defendants.

A different subset of defendants—the District, Michael Hughes, Mark Stevens, David Bradford, Fred Smolka, Eric Hawkes, and Lynn Hales—then moved for attorneys' fees and costs pursuant to § 3730(d)(4).[4] The district court granted the

---

[4] The motion also sought an award of fees against Mr. Tracy's counsel pursuant to 28 U.S.C. § 1927, but the moving defendants withdrew that portion of the motion after they reached a settlement with counsel.

motion after concluding that the action was clearly vexatious and brought for the purpose of harassment.

## Discussion

### 1.    Dismissal Order – Appeal No. 21-4059

Mr. Tracy first contends that the district court erred in concluding that the period for filing his claim started running when the District made its final request for payment.  He insists that his claim was timely filed because the time period did not begin to run until the last date the government suffered damages—the date on which it made the payment induced by the last false claim.  We disagree.

We review the district court's Rule 12(b)(6) dismissal de novo.  *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1278 (10th Cir.), *cert. denied*, 142 S. Ct. 477 (2021).  "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief."  *Jones v. Bock*, 549 U.S. 199, 215 (2007).  If the allegations show that the claim is time-barred, the complaint is subject to dismissal for failure to state a claim.  *Id.*  We review de novo whether a district court properly applied a limitations period, including its determination of the date the period began to run.  *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005).

Section 3731(b)(2) sets forth two limitations periods that apply to relator-initiated civil suits under the FCA.  *See Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct. 1507, 1511-12 (2019).  Specifically, it provides:

> A civil action under section 3730 may not be brought . . . more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, whichever occurs last.

§ 3731(b)(2).

The different start dates for the two time periods is significant.  The three-year period is a typical statute of limitations that starts to run when the government knew or should have known about the fraud, while the ten-year period is a statute of repose that places an outer limit on the otherwise applicable statute of limitations.  *See CTS Corp. v. Waldburger*, 573 U.S. 1, 7-8 (2014) (discussing the difference between statutes of limitations and statutes of repose); *Nat'l Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc.*, 764 F.3d 1199, 1211 (10th Cir. 2014) (same).  As is the case for many repose periods, the ten-year period in § 3731(b)(2) starts running when a specific event occurs, not when the alleged injury occurs.  *See CTS Corp.*, 573 U.S. at 8 (explaining that statutes of limitations typically begin to run when a cause of action accrues, meaning when the alleged injury occurred or was discovered, while a statute of repose begins to run when a specific event occurs, often "the date of the last culpable act or omission of the defendant . . . , even if [the repose] period ends before the plaintiff has suffered a resulting injury" (internal quotation marks omitted)).  That date is the date the "violation is committed."  § 3731(b)(2).

The question then, is when the defendants' alleged FCA violation was committed.  Mr. Tracy's claim alleged the defendants violated § 3729(a)(1)(A) and

7

(B), which impose civil liability when a person "knowingly presents, or causes to be presented" to the government "a false or fraudulent claim for payment or approval," § 3729(a)(1)(A), or uses a false record or makes a false statement material to a false claim, § 3729(a)(1)(B).  Liability thus stems from the act of making a false claim, not from the government's payment of the claim.  *See United States ex rel. Sorenson v. Wadsworth Bros. Constr. Co.*, 48 F.4th 1146, 1151 (10th Cir. 2022) ("The FCA imposes liability for fraudulent *attempts* to cause the government to pay out sums of money." (emphasis added) (internal quotation marks omitted)); *see also Rex Trailer Co. v. United States*, 350 U.S. 148, 152-53 & n.5 (1956) (recognizing that under a statute that is "essentially the equivalent" of the FCA, a contractor who submits a false claim for payment may be liable even if the claim did not actually induce the government to pay out funds or to suffer any loss).[5]  We thus conclude that a "violation is committed" for purposes of § 3731(b)(2) when the defendant submits a false claim, not when the government pays the claim.  *See Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 415 (2005) (recognizing in dicta that because § 3731(b)(1) "t[ies] the start of the time limit to the date on which the violation of section 3729 is committed . . . , the time limit begins to

---

[5] Other circuit courts have also recognized that the FCA attaches liability to the claim for payment, not the government's wrongful payment.  *See United States v. Rivera*, 55 F.3d 703, 709 (1st Cir. 1995) ("[T]he statute attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, but to the 'claim for payment.'"); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 785 (4th Cir. 1999) (same).

run on the date the defendant submitted a false claim for payment" (internal quotation marks omitted)).

In so concluding, we reject Mr. Tracy's argument that because he sought actual damages, the ten-year period did not begin to run until the government paid the final claim. In support of that argument, he relies on *Jana, Inc. v. United States*, 41 Fed. Cl. 735 (1998), in which the Court of Federal Claims reasoned that because § 3729 provides that a false claimant may be liable both for civil penalties and actual damages, the ten-year period begins to run at different times depending on the relief sought. *See id.* at 743 (holding that where a suit seeks only civil penalties, the period begins to run when the false claim was submitted, but where a suit seeks actual damages, the period begins to run when the government pays the claim). But we are not bound by the Court of Federal Claims' decision or persuaded by its reasoning in *Jana*. Nothing in the statutory language suggests that Congress intended to establish different start-dates for the ten-year repose period depending on the relief sought. To the contrary, § 3731(b)(2)'s plain language provides that the clock starts ticking on "the date on which the violation is committed," not when the government suffers damage. Mr. Tracy cites no circuit court decision that follows *Jana*, and we have found none. He also cites no authority—and we are not aware of any—holding that a violation is committed and the ten-year period begins to run when the defendant accepts payment from the government on a false claim, as opposed to when he "knowingly presents" such a claim to the government, § 3729(a)(1)(A), or "makes a false statement material" to such a claim, § 3729(a)(1)(B).

9

Because the ten-year period started to run on September 13, 2009, when the District submitted the last claim, and Mr. Tracy did not file suit until September 26, 2014, we agree with the district court's determination that his claim was time-barred.

## 2.     Attorneys' Fees Order – Appeal No. 21-4143

### A.     Legal Standards

Under § 3730(d)(4), a court may award attorneys' fees to the defendants in a qui tam action if (1) the government elected not to proceed with the action; (2) the defendants prevailed; and (3) the court finds that the claim was "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment."  Each element of the third prong can independently sustain an award of attorneys' fees.  *See In re Nat. Gas Royalties Qui Tam Litig.*, 845 F.3d 1010, 1017 & n.5 (10th Cir. 2017) (upholding attorneys' fees award based solely on finding that the relator's claim was clearly frivolous and declining to address the other two elements because they were "not necessary to our disposition").  We review the district court's decision to award attorneys' fees for an abuse of discretion.  *Id.* at 1017.

### B.     Additional Factual and Procedural Background

The following additional background information provides context for our review of the district court's fee order.  In 2019, after entering the pre-*Tracy I* dismissal orders, the district court ordered Mr. Tracy to pay the District's attorneys' fees and expenses pursuant to § 3730(d)(4).  That order was based in part on Mr. Tracy's having recorded a lis pendens against a portion of the District's water rights, claiming they were the subject of the FCA litigation, and sending letters to the

District's clients referencing the lis pendens and accusing the District of manipulating water rights. The district court concluded the lis pendens was a wrongful lien and released it. And, finding "no good faith basis for" Mr. Tracy having filed the wrongful lis pendens, the court determined that his recording of the lis pendens and his related conduct was vexatious, and awarded statutory damages and attorneys' fees. Suppl. App. at 90-91. That fee order was also based on the court's findings that the § 3729(a)(1)(G) claim (the reverse false claim) and some of Mr. Tracy's arguments and litigation conduct vis-à-vis the statute of limitations issue were frivolous. Finally, the court found that overall, the action was clearly vexatious and "indicate[d] bad faith and a clear intent to harass," *id.*, because Mr. Tracy used the litigation to "air personal grievances . . . in pursuit of an ulterior motive, rather than [to] seek money damages on behalf of the United States," *id.* at 91.

In *Tracy I*, after vacating the order dismissing the direct file claim, we vacated the 2019 fee order because we could not say that the District was the prevailing party until the district court decided whether any alleged violation of § 3729(a)(1)(A) or (B) occurred less than ten years before Mr. Tracy filed his initial complaint. 804 F. App'x at 909. We indicated that on remand the district court could enter a new fee order if it determined that the defendants seeking fees prevailed and that Mr. Tracy's claims and litigation conduct met the § 3730(d)(4) standard. *Id.*

On remand, the district court ordered Mr. Tracy to pay the attorneys' fees and costs of the defendants who sought an attorneys' fee award. Unlike the 2019 fee order in which the court found that aspects of the litigation satisfied each element of

11

the third prong of § 3730(d)(4), the fee order issued on remand was based only on findings that the action was "clearly vexatious" and "brought primarily for purposes of harassment." Aplt. App. at 311. Given its earlier finding that the lis pendens was "unreasonable and without foundation" and had nothing to do with the issues that arose in *Tracy I* and on remand, the district court found that Mr. Tracy's behavior with respect to the lis pendens was "clearly vexatious when it first occurred, and no subsequent developments change that finding." *Id.* at 310. The court further found that nothing in the subsequent litigation affected its finding in the 2019 fee order that Mr. Tracy's "actions indicated bad faith and a clear intent to harass." *Id.* Reiterating some of the most egregious examples it gave in the 2019 order of Mr. Tracy's "harassing behavior," *id.* at 311, the court again found that he "brought this case to air personal grievances against Defendants in pursuit of his own ulterior motives, rather than to seek money damages for the United States," *id.* at 310. Having found that his actions were clearly vexatious and brought for the purpose of harassment, the court awarded fees on those grounds and did not address whether his claims were clearly frivolous.

## C.    Analysis

Mr. Tracy does not dispute that the first two prongs of the § 3730(d)(4) inquiry are satisfied here—the government declined to intervene in the action three times, and the defendants prevailed. But he contends that the district court abused its discretion in concluding that an award of fees was warranted under the third prong. Specifically, noting his success in *Tracy I*, he insists that his claims were not

12

frivolous, and he maintains that his reliance on *Jana* in support of his argument on remand was not unreasonable.

As explained above, however, the fee order at issue here was not based on a finding that his claims were frivolous. Instead, it was based on findings that the action was clearly vexatious and brought primarily for purposes of harassment, and those findings were sufficient to support the fee award. *See In re Nat. Gas Royalties Qui Tam Litig.*, 845 F.3d at 1017 & n.5. Mr. Tracy does not challenge those findings, so he has abandoned or waived any challenge he might have raised. *See Tran v. Trs. of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)). And because he failed to address the basis for the district court's ruling, he has given us no reason to disturb it. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366, 1369 (10th Cir. 2015) (observing that "[t]he first task of an appellant is to explain to us why the district court's decision was wrong," and affirming where the appellate briefing "contain[ed] nary a word to challenge the basis of the" challenged ruling).

## Conclusion

We affirm the district court's dismissal orders and resulting judgment for defendants in Appeal No. 21-4059. We also affirm the district court's attorneys' fee order in Appeal No. 21-4143. We deny as moot the motion filed by Eric Hawkes,

Jennifer Hawkes, and Simplifi Co., in Appeal No. 21-4059 to substitute them as the

appellants in place of Mr. Tracy and to dismiss the appeal.

Entered for the Court

Joel M. Carson III<br>Circuit Judge