(Slip Opinion) OCTOBER TERM, 2019 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## LOMAX *v.* ORTIZ-MARQUEZ ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

No. 18–8369. Argued February 26, 2020—Decided June 8, 2020

The Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule, which generally prevents a prisoner from bringing suit *in forma pauperis* (IFP) if he has had three or more prior suits "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U. S. C. §1915(g).

Petitioner Arthur Lomax, an inmate in a Colorado prison, filed this suit against respondent prison officials to challenge his expulsion from the facility's sex-offender treatment program. He also moved for IFP status, but he had already brought three unsuccessful legal actions during his time in prison. If the dispositions of those cases qualify as strikes under Section 1915(g), Lomax may not now proceed IFP. The courts below concluded that they did, rejecting Lomax's argument that two of the dismissals should not count as strikes because they were without prejudice.

*Held*: Section 1915(g)'s three-strikes provision refers to any dismissal for failure to state a claim, whether with prejudice or without.

This case begins, and pretty much ends, with Section 1915(g)'s text. The provision's broad language covers all dismissals for failure to state a claim, whether issued with or without prejudice to a plaintiff's ability to reassert his claim in a later action. A strike-call under Section 1915(g) thus hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect. To reach the opposite result would require reading the word "dismissed" in Section 1915(g) as "dismissed with prejudice." Doing so would also introduce inconsistencies into the PLRA, which has three other provisions mentioning "dismiss[als]" for "fail[ure] to state a claim." §§1915(e)(2)(B)(ii), 1915A(b); 42 U. S. C. §1997e(c). As the parties agree, those provisions do not

Syllabus

deprive courts of the ability to dismiss suits without prejudice.

Lomax nonetheless maintains that Section 1915(g)'s phrase "dismissed [for] fail[ure] to state a claim" is a "legal term of art" referring only to dismissals with prejudice. To support this view, he points to Federal Rule of Civil Procedure 41(b), which tells courts to treat a dismissal "as an adjudication on the merits"—meaning a dismissal with prejudice—where the dismissal order does not specify. But Rule 41(b) is necessary precisely because "dismissed for failure to state a claim" refers to dismissals both with and without prejudice. The existence of the rule thus undercuts Lomax's position.

Lomax also argues that the Court should interpret the phrase "failure to state a claim" based on the other two grounds for dismissal listed in Section 1915(g). But contra Lomax's view, courts can and sometimes do dismiss at least frivolous actions without prejudice. Still more fundamentally, interpreting the phrase "failure to state a claim" based on the pre-existing terms "frivolous" and "malicious" would defeat the PLRA's expansion of the statute beyond what was already there. Pp. 3–7.

754 Fed. Appx. 756, affirmed.

KAGAN, J., delivered the opinion of the Court, in which ROBERTS, C. J., and GINSBURG, BREYER, ALITO, SOTOMAYOR, GORSUCH, and KAVANAUGH, JJ., joined, and in which THOMAS, J., joined as to all but footnote 4.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports.  Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 18–8369

ARTHUR J. LOMAX, PETITIONER v. CHRISTINA ORTIZ-MARQUEZ, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

[June 8, 2020]

JUSTICE KAGAN delivered the opinion of the Court.*

To help staunch a "flood of nonmeritorious" prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule. *Jones* v. *Bock*, 549 U. S. 199, 203 (2007).  That rule generally prevents a prisoner from bringing suit *in forma pauperis* (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted."  28 U. S. C. §1915(g).  Today we address whether a suit dismissed for failure to state a claim counts as a strike when the dismissal was without prejudice.  We conclude that it does: The text of Section 1915(g)'s three-strikes provision refers to any dismissal for failure to state a claim, whether with prejudice or without.

I

Petitioner Arthur Lomax is an inmate in a Colorado prison.  He filed this suit against respondent prison officials

---

*JUSTICE THOMAS joins all but footnote 4 of this opinion.

to challenge his expulsion from the facility's sex-offender treatment program.  As is common in prison litigation, he also moved for IFP status to allow his suit to go forward before he pays the $400 filing fee.  For that motion to succeed, Lomax must avoid Section 1915(g).  That provision bars further IFP litigation once a prisoner has had at least three prior suits dismissed on specified grounds.[1]  And Lomax is no rookie litigant.  During his time in prison, he has already brought three unsuccessful legal actions (against various corrections officers, prosecutors, and judges).  If the dispositions of those cases qualify as strikes under Section 1915(g), Lomax may not now proceed IFP.

The courts below ruled that Lomax had struck out.  The District Court denied his motion for IFP status, finding that all three of his prior suits had been dismissed for failure to state a claim—one of the grounds specified in Section 1915(g).  See App. 65–66.[2]  On appeal, Lomax argued that two of those dismissals should not count as strikes because they were without prejudice, thus allowing him to file a later suit on the same claim.  The Court of Appeals for the Tenth Circuit rejected that argument.  Relying on Circuit

–––––––––––

[1] The full text of the three-strikes provision reads:

"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U. S. C. §1915(g).

[2] Two of the cases were dismissed under *Heck* v. *Humphrey*, 512 U. S. 477 (1994), which holds that a claim challenging the validity of a conviction or sentence under 42 U. S. C. §1983 "does not accrue until the conviction or sentence has been invalidated."  512 U. S., at 490.  In concluding that those two *Heck* dismissals were for failure to state a claim, the District Court followed Circuit precedent.  See *Smith* v. *Veterans Admin.*, 636 F. 3d 1306, 1312 (CA10 2011).  Not all Courts of Appeals accept that view.  See, *e.g., Mejia* v. *Harrington*, 541 Fed. Appx. 709, 710 (CA7 2013).  But Lomax did not raise that issue, and we therefore do not address it.

precedent, the Court held it "immaterial to the strikes analysis" whether a dismissal was with or without prejudice. 754 Fed. Appx. 756, 759 (2018) (quoting *Childs* v. *Miller*, 713 F. 3d 1262, 1266 (CA10 2013)).

The Courts of Appeals have long divided over whether a dismissal without prejudice for failure to state a claim qualifies as a strike under Section 1915(g).[3] In line with our duty to call balls and strikes, we granted certiorari to resolve the split, 589 U. S. \_\_\_ (2019), and we now affirm.

## II

This case begins, and pretty much ends, with the text of Section 1915(g). Under that provision, a prisoner accrues a strike for any action "dismissed on the ground[] that it . . . fails to state a claim upon which relief may be granted." That broad language covers all such dismissals: It applies to those issued both with and without prejudice to a plaintiff's ability to reassert his claim in a later action.[4] A strike-call under Section 1915(g) thus hinges exclusively on the basis for the dismissal, regardless of the decision's prejudi-

———————

[3] Four Circuits treat dismissals without prejudice for failure to state a claim as strikes. See *Orr* v. *Clements*, 688 F. 3d 463, 465 (CA8 2012); *Paul* v. *Marberry*, 658 F. 3d 702, 704 (CA7 2011); *O'Neal* v. *Price*, 531 F. 3d 1146, 1154 (CA9 2008); *Day* v. *Maynard*, 200 F. 3d 665, 667 (CA10 1999) (*per curiam*). Two Circuits do the opposite. See *Millhouse* v. *Heath*, 866 F. 3d 152, 162–163 (CA3 2017); *McLean* v. *United States*, 566 F. 3d 391, 396–397 (CA4 2009).

[4] Note, however, that the provision does not apply when a court gives a plaintiff leave to amend his complaint. Courts often take that path if there is a chance that amendment can cure a deficient complaint. See Fed. Rule Civ. Proc. 15(a) (discussing amendments to pleadings). In that event, because the suit continues, the court's action falls outside of Section 1915(g) and no strike accrues. See Brief for Respondents 31–35 (noting that flexible amendment practices "ensure that potentially meritorious prisoner suits are not hastily dismissed with a strike"); Brief for United States as *Amicus Curiae* 27–28 (similar); Tr. of Oral Arg. 32–34, 44 (similar).

cial effect.  To reach the opposite result—counting prejudi-
cial orders alone as strikes—we would have to read the sim-
ple word "dismissed" in Section 1915(g) as "dismissed with
prejudice."   But this Court may not narrow a provision's
reach by inserting words Congress chose to omit.  See, *e.g.,
Virginia Uranium, Inc.* v. *Warren*, 587 U. S. ___, ___ (2019)
(lead opinion of GORSUCH, J.) (slip op., at 1).

Indeed, to do so would violate yet another rule of statu-
tory construction: "In all but the most unusual situations, a
single use of a statutory phrase must have a fixed meaning"
across a statute.  *Cochise Consultancy, Inc.* v. *United States
ex rel. Hunt*, 587 U. S. ___, ___ (2019) (slip op., at 5).  The
PLRA includes three other provisions mentioning "dis-
miss[als]" for "fail[ure] to state a claim"—each enabling
courts to dismiss *sua sponte* certain prisoner suits on that
ground.  §§1915(e)(2)(B)(ii), 1915A(b); 42 U. S. C. §1997e(c).
No one here thinks those provisions deprive courts of the
ability to dismiss those suits without prejudice.  See Reply
Brief 15; Brief for Respondents 21–24; Brief for United
States as *Amicus Curiae* 21–22.  Nor would that be a plau-
sible position.  The broad statutory language—on its face
covering dismissals both with and without prejudice—
tracks courts' ordinary authority to decide whether a dis-
missal for failure to state a claim should have preclusive
effect.  So reading the PLRA's three-strikes rule to apply
only to dismissals with prejudice would introduce inconsist-
encies into the statute.  The identical phrase would then
bear different meanings in provisions almost next-door to
each other.

Still, Lomax maintains that the phrase "dismissed [for]
fail[ure] to state a claim" in Section 1915(g) is a "legal term
of art" referring only to dismissals with prejudice.  Reply
Brief 4. To support that view, he relies on a procedural rule
used to answer a different question.  When a court dis-
misses a case for failure to state a claim, but neglects to
specify whether the order is with or without prejudice, how

should a later court determine its preclusive effect? Federal Rule of Civil Procedure 41(b), codifying an old equitable principle, supplies the answer: It tells courts to treat the dismissal "as an adjudication on the merits"—meaning a dismissal with prejudice. See *Durant* v. *Essex Co.*, 7 Wall. 107, 109 (1869). According to Lomax, "Section 1915(g) should be interpreted in light of this legal backdrop." Brief for Petitioner 17. He reasons: Because Rule 41(b) presumes that an order stating only "dismissed for failure to state a claim" is with prejudice, the same language when used in Section 1915(g) should bear that same meaning. And if so, the provision would assign a strike to only with-prejudice dismissals for failure to state a claim.

But that argument gets things backwards. The Rule 41(b) presumption (like its older equitable counterpart) does not convert the phrase "dismissed for failure to state a claim" into a legal term of art meaning "dismissed with prejudice" on that ground. To the contrary, Rule 41(b) is necessary because that phrase means only what it says: "dismissed for failure to state a claim"—whether or not with prejudice. In other words, the phrase's indifference to prejudicial effect is what creates the need for a default rule to determine the import of a dismissal when a court fails to make that clear. Rule 41(b), then, actually undercuts Lomax's position: Its very existence is a form of proof that the language used in Section 1915(g) covers dismissals both with and without prejudice. And here too, confirmation of the point comes from the PLRA's other provisions referring to "dismiss[als]" for "fail[ure] to state a claim." See *supra,* at 4. If that phrase had really become a legal term of art implying "with prejudice," then those provisions would prevent courts from dismissing prisoner suits without prejudice for failure to state a claim. But Lomax himself does not accept that improbable reading. See *ibid.* His supposed "term of art" is strangely free-floating, transforming ordi-

nary meaning in one place while leaving it alone in all others.

Lomax also makes an argument based on the two other grounds for dismissal listed in Section 1915(g). Recall that the provision counts as strikes dismissals of actions that are "frivolous" or "malicious," along with those that fail to state a claim. See *supra,* at 1, 2, n. 1. In Lomax's view, the first two kinds of dismissals "reflect a judicial determination that a claim is irremediably defective"—that it "cannot succeed and should not return to court." Brief for Petitioner 11, 22 (internal quotation marks omitted). To "harmonize [all] three grounds for strikes," he continues, the same must be true of dismissals for failure to state a claim. *Id.,* at 23; see *id.,* at 21 (invoking the "interpretive canon *noscitur a sociis*, a word is known by the company it keeps" (internal quotation marks omitted)). So Section 1915(g), Lomax concludes, must capture only the subset of those dismissals that are issued with prejudice—the ones disposing of "irredeemable" suits. *Id.,* at 21.

As an initial matter, the very premise of that argument is mistaken. Contra Lomax's view, courts can and sometimes do conclude that frivolous actions are not "irremediably defective," and thus dismiss them without prejudice. See, *e.g., Marts* v. *Hines*, 117 F. 3d 1504, 1505 (CA5 1997); see also *Jackson* v. *Florida Dept. of Financial Servs.*, 479 Fed. Appx. 289, 292 (CA11 2012) (similarly if less commonly, dismissing a malicious action without prejudice). Indeed, this Court has suggested that a trial court might abuse its discretion by dismissing an IFP suit *with prejudice* if "frivolous factual allegations [can] be remedied through more specific pleading." *Denton* v. *Hernandez*, 504 U. S. 25, 34 (1992). So on Lomax's own metric—whether down the road the plaintiff's claim might return—the dismissals he claims would be outliers in Section 1915(g) in fact would have company. And because that is true, his rea-

son for excluding those decisions from the provision collapses. If dismissals without prejudice for frivolousness count as a strike under Section 1915(g), then why not for failure to state a claim too?

Still more fundamentally, Lomax is wrong to suggest that every dismissed action encompassed in Section 1915(g) must closely resemble frivolous or malicious ones. The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits. Before the PLRA, the statute governing IFP claims targeted frivolous and malicious actions, but no others. See *Neitzke* v. *Williams*, 490 U. S. 319, 328 (1989). In the PLRA, Congress chose to go further—precisely by aiming as well at actions that failed to state a claim. The theory was that a "flood of nonmeritorious claims," even if not in any way abusive, was "effectively preclud[ing] consideration of" suits more likely to succeed. *Jones*, 549 U. S., at 203. So we cannot, in the interest of "harmonization," interpret the phrase "failure to state a claim" based on the pre-existing terms "frivolous" and "malicious." Cf. *Babbitt* v. *Sweet Home Chapter, Communities for Great Ore.*, 515 U. S. 687, 702, 705 (1995) (rejecting use of the *noscitur* canon when "the Senate went out of its way to add" a "broad word" to a statute). That would defeat the PLRA's *expansion* of the statute beyond what was already there.

## III

The text of the PLRA's three-strikes provision makes this case an easy call. A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice. We therefore affirm the judgment below.

*It is so ordered.*