# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2020

Lyle W. Cayce
Clerk

No. 19-40543

Isreal Hudgins,

*Plaintiff—Appellant*,

*versus*

Jeffery Catoe; Jeffery Richardson; Michael McNeil;
Gregory Dingas; Pamela Pace; Santanna Denise Tave,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:17-CV-540

Before Dennis, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Israel Hudgins, Texas prisoner # 1649033, moves for leave to proceed in forma pauperis (IFP) in this appeal of the district court's dismissal for failure to state a claim upon which relief could be granted of the 42 U.S.C. § 1983 suit he brought to seek redress for being improperly kept in

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-40543

administrative segregation and for alleged acts of deliberate indifference to his serious mental health needs. His motion for appointed counsel is DENIED because he has not shown that his case presents exceptional circumstances. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

The IFP motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Hudgins's pleadings in this court fail to address the propriety of the district court's analyses of the merits of his claims and the applicability of Eleventh Amendment immunity and qualified immunity. His failure to identify error in the district court's analysis has the same effect as if he had not brought an appeal at all. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as FRIVOLOUS. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous constitutes a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of his suit for failure to state a claim upon which relief could be granted. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020). Hudgins is WARNED that accumulating three strikes will preclude him from proceeding IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).