# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 11, 2021

Lyle W. Cayce
Clerk

No. 20-40253
Summary Calendar

Stevie Wyre,

*Plaintiff—Appellant*,

*versus*

UTMB; Owen J. Murray; Theodore Hall; Mark Roberts;
Joseph M. Bush; Neil A. Turner; Bobby R. Cooper, Jr.;
Melanie E. Alvarado; Nina G. Lane,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
No. 9:17-CV-7

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Stevie Wyre, Texas prisoner #1858012, appeals the dismissal of his 42 U.S.C. § 1983 civil rights action as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Our review is *de novo. See Geiger v.*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40253

*Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  We affirm.

Wyre alleges deliberate indifference to his serious medical needs based on the removal of certain medical restrictions on his work and housing assignments.  *See Farmer v. Brennan*, 511 U.S. 825, 834–40 (1994) (setting forth the standard for claims of deliberate indifference).  He acknowledges that Dr. Theodore Hall and Nurse Melanie Alvarado examined him and determined the restrictions were not needed.  Although Wyre maintains that that determination is at odds with the views of the doctors who imposed the restrictions, a difference of opinion as to appropriate treatment does not establish deliberate indifference.  *See Gobert v. Caldwell*, 463 F.3d 339, 349 n.32 (5th Cir. 2006); *Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999).  Nor, absent exceptional circumstances, does a patient's own disagreement with the treatment he receives.  *See Gobert*, 463 F.3d at 346; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Liberally construed, the pleadings further assert that Hall and Alvarado acted with deliberate indifference to complaints Wyre raised after the restrictions were removed.  Those allegations fail because, even accepted as true, they establish only that Wyre received ineffective or substandard care, not that any defendant evinced a "wanton disregard" for serious medical needs.  *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted); *see also Gobert*, 463 F.3d at 346, 349.  Allegations that Joseph Bush and Neil Turner disregarded one or more complaints Wyre made while working under their supervision are equally unavailing, given that Wyre does not allege facts showing that either was aware of a serious medical need.  *See Reeves v. Collins*, 27 F.3d 174, 176–77 (5th Cir. 1994) (concluding that officials were no more than negligent in disregarding plaintiff's assertions of pain).

Wyre has also shown no error in the district court's determination that

he fails to state a claim against Owen Murray, Mark Roberts, Bobby Cooper, Jr., or Nina Lane because he has not alleged their personal involvement in a constitutional deprivation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that a § 1983 plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). To the extent that Wyre suggests that either Murray or Roberts is liable as a supervisor, his claims fail because he does not allege facts showing a causal connection between their conduct and a constitutional deprivation. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Finally, by not addressing the district court's conclusion that Eleventh Amendment immunity applies to UTMB and to the individual defendants in their official capacities, Wyre abandoned any challenge to that ruling. *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).

The judgment is AFFIRMED. The district court's dismissal of Wyre's action counts as a strike under § 1915(g). *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724–25 (2020); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762–63 (2015). Wyre is WARNED that, if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).