# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2021

Lyle W. Cayce
Clerk

No. 20-10351
Summary Calendar

Vinicio Jesus Garcia,

*Plaintiff—Appellant*,

*versus*

Darryl Glenn; Deanna McBroom; D. Nash; Kevin Foley,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:17-CV-164

---

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Vinicio Jesus Garcia, Texas prisoner # 1828198, appeals the dismissal of his civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. We review the dismissal de novo. *Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10351

Garcia alleged he was denied access to the courts because Darryl Glenn and Deanna McBroom failed to supply envelopes he requested and because D. Nash and Kevin Foley failed to investigate this denial of supplies. To show a denial of his right of access to the courts, a prisoner must allege an actual injury—i.e., "that his ability to pursue a nonfrivolous, arguable legal claim was hindered." *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009) (internal quotation marks and citation omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that an "underlying cause of action" the prisoner wished to litigate "is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation"). As the district court noted, Garcia did not identify a cause of action he was hindered from pursuing. That omission "is fatal to his claim." *Brewster*, 587 F.3d at 769.

We accordingly AFFIRM the judgment of the district court. The district court's dismissal of Garcia's action counts as a strike under § 1915(g). *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). Garcia is WARNED that, if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).