**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONNIE ODELL PARKER,

    Plaintiff - Appellant,

v.

CALIBER HOME LOANS INC;
COURTNEY RUIZ, President,

    Defendants - Appellees.

No. 21-6026
(D.C. No. 5:19-CV-00637-PRW)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **KELLY**, and **McHUGH**, Circuit Judges.[**]
_____

Ronnie Odell Parker, an Alabama state prisoner appearing pro se, appeals the

district court's dismissal of his action under 42 U.S.C. § 1983. We exercise

jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Mr. Parker filed his § 1983 complaint alleging that Defendants "Caliber Home

Loans, Inc." and "Courtney Ruiz, President," committed "property fraud" against his

"mother and father." R. 10. The magistrate judge recommended that the action be

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

dismissed for a failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Parker v. Caliber Home Loans, Inc., 2019 WL 11731048 (W.D. Okla. Oct. 2, 2019). The magistrate judge concluded that Mr. Parker had failed to allege that Defendants had acted under color of state law or that their actions violated his constitutional rights, rather than his mother's. The district court adopted the magistrate's report and recommendation. Parker v. Caliber Home Loans, Inc., 2021 WL 495873 (W.D. Okla. Feb. 10, 2021).

We review de novo an order dismissing an inmate's § 1983 complaint for failure to state a claim under § 1915(e)(2)(B)(ii). See McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001). We construe pro se pleadings liberally, applying a less stringent standard than to formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972). However, we are not "bound by conclusory allegations, unwarranted inferences, or legal conclusions" contained in those pro se pleadings. See Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Such violation must be of the "plaintiff's personal rights, and not the rights of someone else." Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990).

On appeal, Mr. Parker continues to assert that it was his "mother [and] father" whose rights were violated. Aplt. Br. 2. Further, he merely provides a conclusory

2

allegation that Defendants acted under color of state law. Aplt. Br. 2. As such, we agree with the district court that Mr. Parker has failed to state a claim on which relief may be granted under § 1983. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to 28 U.S.C. § 1915(g), the district court's dismissal for failure to state a claim and our affirmance in this appeal as frivolous count as a strike each against Mr. Parker. Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1727 (2020); Coleman v. Tollefson, 575 U.S. 532, 537 (2015). The court reminds Mr. Parker that if he accrues three strikes, he may not proceed in forma pauperis in civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

AFFIRMED. We DENY IFP and remind Mr. Parker that he is responsible for paying the filing in full.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge