DLD-088                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3164
_____

KENNETH WAYNE LEWIS,
Appellant

v.

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE;
MERRICK B. GARLAND, U.S. ATTORNEY GENERAL, both personally and
officially; U.S. ATTORNEY RACHAEL A. HONIG, both personally and officially;
UNITED STATES DEPARTMENT OF JUSTICE, CRIMINAL DIVISION-
CORRESPONDENCE MANAGMENT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-21-cv-17792)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 17, 2022
Before: KRAUSE, MATEY and PHIPPS, <u>Circuit Judges</u>

(Opinion filed:  March 15, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Kenneth Wayne Lewis is a federal prisoner proceeding pro se. In September 2021, he filed a civil complaint in the District Court along with an application to proceed in forma pauperis (IFP). The District Court denied the IFP application on the ground that Lewis had accrued more than three strikes under 28 U.S.C. § 1915(g) and had not shown that he was in imminent danger of physical harm. Lewis filed a notice of appeal and an application to proceed IFP in this Court.[1]

We grant Lewis's application to proceed IFP on appeal and, for the same reasons, will vacate the District Court's order denying his IFP application. Lewis is clearly financially eligible to proceed IFP based on the balance reflected in his prison account statement. See generally Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989). The District Court concluded that Lewis was barred from proceeding IFP because he has at least three strikes. The IFP statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] We have jurisdiction under 28 U.S.C. § 1291. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001) (en banc). We exercise plenary review. See Ball v. Famiglio, 726 F.3d 448, 455 n.11 (3d Cir. 2013).

2

8 U.S.C. § 1915(g).

We disagree with the District Court's determination that Lewis has accrued five strikes. First, contrary to the District Court's contention, the dismissal in Lewis v. Ruymann, No. 20-cv-18548, 2021 WL 3207737, at *1 (D.N.J. July 29, 2021), does not qualify as a strike because the case was dismissed only generally under § 1915(e)(2)(B) and was based in part on judicial immunity. See Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013) (holding that "a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

Second, the District Court's dismissal orders in Lewis v. Zoll Med. Corp., No. 19-19231, 2020 WL 2190435, at *3 (D.N.J. May 6, 2020), and Lewis v. New Jersey, No. 19-20490, 2020 WL 1673032, at *4 (D.N.J. Apr. 6, 2020), do not count as strikes because these dismissals were, in part, without prejudice to Lewis's ability to cure the defects via amendment. See Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1724 n.4 (2020). While we agree with the District Court that the dismissal orders in Lewis v. Dep't of Justice, No. 19-10821, 2019 WL 2601489, at *1 (D. Mass. June 25, 2019), and Lewis v. Bureau of Prisons,

No. 17-5475, 2018 WL 6046721, at *6 (D.N.J. Nov. 19, 2018), constitute strikes, that leaves Lewis with only two strikes.

Accordingly, we grant Lewis's application to proceed IFP. We will summarily vacate the District Court's order denying his IFP application and remand the matter for further proceedings. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P.