[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14174

Non-Argument Calendar

_____

JENNIFER CROMARTIE,

Plaintiff-Appellant,

*versus*

JULIA TUTWILER PRISON FOR WOMEN,
TREMAINE BALDWIN,
NAPOLEAN GOODSON,
ADRIAN BAKER,
TERRALL BROWN,
JONATHAN BIRMINGHAM,
QUINETTER SMITH,
SONJA ROSE,
LAGRETA MCCLAIN,
TERMAINE BALDWIN,

SHAKITA BOZEMAN,
KENNETH DRAKE,
BRANDON THORNTON,
TRACY FLOYD,
BRIAN COLEMAN,
DEIDRA WRIGHT,
DARRYL FINCH,

                                                    Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:19-cv-00568-ECM-SMD

————————————

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, Jennifer Cromartie appeals the district court's order dismissing with prejudice her second amended complaint raising claims under 28 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and state law for failing to state a claim under Rule 12(b)(6) and as a shotgun pleading under Rules 8 and 10 of the Federal Rules of Civil

Procedure.  She argues that the district court erred in dismissing her complaint.  After careful review, we affirm.

## I.    BACKGROUND

In August 2019, Cromartie, then a corrections officer at Julia Tutwiler Prison for Women ("Tutwiler Prison") in Wetumpka, Alabama, filed a *pro se* complaint in the district court, which she characterized as an "EEOC complaint," against multiple defendants.  According to Cromartie, after a subordinate employee threatened her over the radio, various other officials in the prison retaliated against her.  After the Defendants attempted to dismiss her claims, Cromartie successfully moved to amend her complaint, subject to the magistrate judge's warning that her amended complaint would supersede the original complaint, and that she should "set forth all information she wishes to be considered."  The magistrate judge also informed Cromartie that failure to comply could result in the dismissal of her case.

In her subsequent first amended complaint, Cromartie alleged that Defendant Shakita Bozeman, who was in possession of a firearm in accordance with her role as a corrections officer, declared that "yall better come get [Cromartie] before something bad happens to her," or "yall better come get [Cromartie] before I do something bad to her."  In addition to Tutwiler Prison and Bozeman, Cromartie named a litany of individual coworkers and supervisors as defendants in her complaint: Adrian Baker, Terrall Brown, Jonathan Birmingham, Quinetter Smith, Sonja Rose, Lagreta McClain, Termaine Baldwin, Kenneth Drake, Brandon

Thornton, Napoleon Goodson, Tracy Floyd, Brian Coleman, Deidra Wright, and Darryl Finch.

As best we can tell, Cromartie also alleged the following in her first amended complaint: Finch, her supervisor, was supposed to help "write up" Bozeman for her misconduct, which he failed to do; McClain and Goodson retaliated against her by taking away her overtime hours, "unless it was convenient for them"; McClain improperly accused her of having a sexual relationship with a male coworker; Drake, Goodson, McClain, and Wright ignored emails she sent them; Smith gave her a low "evaluation score," barring her from a promotion; the group generally subjected her to "intimidation tactics," forcing her to seek medical attention; Goodson forced her to see a counselor and made her come in for a shift on a holiday when she was not scheduled to work; all the defendants discriminated against her; she received write-ups after filing her EEOC complaint; and, finally, Baker permitted Bozeman to work near Cromartie, despite knowing that the two should not be in close proximity, and then wrote up a false statement against Cromartie. Cromartie also claimed that the prison breached its contract with her, subjected her to a biased investigation, abused its authority, and defamed and slandered her.

Except for Bozeman, all of the defendants filed a Rule 12(b)(6) motion to dismiss Cromartie's claims shortly thereafter. The group raised five principal challenges: (1) although Cromartie alleged a Title VII claim for retaliation she nevertheless failed to show that she was engaged in a protected activity at the time; (2)

Cromartie improperly sued the defendants in their individual capacities under Title VII, failed to exhaust her administrative remedies, and failed to file a timely claim; (3) even if Cromartie had properly sued the defendants in their official capacities, because the prison was a named party in the suit, those claims would be barred by absolute immunity; (4) all of the defendants were entitled to absolute and qualified immunity; and, (5) Cromartie failed to comply with Civil Rules 8(a)(2) and 10(b).  Alternatively, the defendants asked the court to order Cromartie to file a statement identifying the claims which she sought to litigate against each specific defendant.

Bozeman separately moved to dismiss Cromartie's complaint pursuant to 12(b)(6) because, as an employee, she was not liable under Title VII, let alone a party to the allegedly breached contract.

The magistrate judge ordered Cromartie to respond, and she filed a motion for a more definite statement, which the magistrate judge construed and granted as a motion to amend. The magistrate judge identified two deficiencies in Cromartie's complaint.  First, Cromartie failed to demand a specific form of relief.  And second, she did not explain how her statement of facts supported a particular cause of action against any specific defendant.  The magistrate judge warned Cromartie that, absent extraordinary circumstances, she would not receive another opportunity to amend her complaint, and, because the second amended complaint would supersede any earlier complaints, she

6                    Opinion of the Court                    20-14174

"should clearly explain how the factual allegations support each claim, and should specify exactly which claims she is asserting against which defendants."

Cromartie then filed her second amended complaint under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and state law which largely mirrored her earlier complaints. However, she freshly alleged that Bozeman threatened her, saying "[w]hen you pull that pistol I got your back and got another bullet for you," intimidated her by walking closely to her, and yet was never penalized. Moreover, she contended that Birmingham was never reprimanded for failing to write-up Bozeman, despite having witnessed the threatening behavior. Cromartie also maintained that she was required to write a statement about an alleged sexual relationship with a male coworker, which that coworker did not have to do. All in, Cromartie identified seventeen specific claims.[1]

---

[1] Specifically: "Title VII [Discrimination]" (Count 1); sex discrimination in violation of Title VII (Count 2); retaliation in violation of Title VII (Count 3); "civil-rights violation of redress of [grievance]," in violation of the First Amendment (Count 4); "violation of whistle blower" (Count 5); breach of contract (Count 6); breach of fiduciary duties (Count 7); "[verbal] threats of [violence]," in violation of Ala. Code § 13A-5-7 (Count 8); "filing [a] false statement," in violation of the prison's rules and regulations (Count 9); unfair labor practice, in violation of the prison's rules and regulations (Count 10); "defamation of character" (Count 11); conspiracy to commit bodily harm, in violation of Ala. Code § 13A-5-7 (Count 12); harassment (Count 13); menace (Count 14); hostile work environment, in violation of Ala. Code § 13A-5-7 and

The defendants again moved to dismiss Cromartie's complaint for failure to state a claim and for violating the federal pleading standards.

Cromartie responded, in relevant part, that despite the magistrate judge's clear instructions, she was not required to delineate or number her claims because they all arose from a single injury. Cromartie also contended that her complaint satisfied the relevant pleading standards.

After a bit more motion practice, the magistrate judge entered a report and recommendation ("R&R") recommending that the district judge grant the Defendants' motions to dismiss with prejudice. The magistrate judge concluded that Cromartie's second amended complaint amounted to an impermissible shotgun pleading. He emphasized that Cromartie: (1) failed to identify which defendants were subject to which counts; (2) alleged duplicative counts; and, (3) failed to fix previously identified deficiencies. The magistrate judge focused his analysis on the pleading standards embodied in Rule 8, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation must be simple, concise, and direct," and Rule 10(b), which, in relevant part, requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of

---

Title VII (Count 15); deliberate indifference, in violation of Title VII (Count 16); and intimidation (Count 17).

circumstances." Fed. Rs. Civ. P. 8(a)(2), (d)(1); 10(b). The magistrate judge also recommended dismissal pursuant to Rule 12(b)(6).

Cromartie objected that she had not filed a "shotgun pleading," and, instead, asserted that the R&R failed to address the merits of her second amended complaint. And, in addition to noting that her initial pleading provided sufficient clarity to allow Bozeman to respond in a motion to dismiss, she maintained that she provided sufficient factual information to support her numerous claims. Finally, asking for another opportunity to amend, Cromartie posited that the magistrate judge never warned her about the procedural flaws in her complaint.

The district court overruled Cromartie's objections, noting that she had failed to identify any legal or factual error in the R&R. The district court subsequently adopted the R&R, granting the Defendants' motions to dismiss Cromartie's complaint with prejudice. Cromartie timely appealed.

## II.    ANALYSIS

### A. Standard of Review

We ordinarily review the dismissal of a shotgun pleading on Rule 8 or 10 grounds for abuse of discretion. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018); *Weiland v. Palm Beach Cnty. Sherriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) Likewise, "[w]e review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the

20-14174                Opinion of the Court                9

complaint's allegations as true and construing them in the light most favorable to the plaintiff. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012) (quoting *Cinotto v. Delta Airlines, Inc.*, 674 F.3d 1285, 1291 (11th Cir. 2012).

Of course, we construe *pro se* filings liberally and hold them to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B. *Cromartie fails to identify any error in the district court's dismissal of her complaint with prejudice.*

The district court dismissed Cromartie's complaint with prejudice for failure to comply with pleading standards under Rules 8 and 10 and for failure to state a claim under Rule 12(b)(6). [2] On

---

[2] We have identified four types of shotgun pleadings: (1) complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," (2) complaints containing "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) complaints that do "not separat[e] into a different count each cause of action or claim for relief," and (4) complaints that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro*, 878 F.3d at 1295 (internal quotations and alterations omitted). Accordingly, a district court may dismiss a claim as a shotgun pleading pursuant to its inherent power to manage its docket. *Id.* However, district courts must afford a litigant at least one chance to remedy

appeal, Cromartie—by pointing to pre-*Twombly* pleading standards—argues that the district court erred in dismissing her case, citing to Rule 41(b). Furthermore, she repeatedly challenges the district court's ruling on the merits. It is unclear exactly what arguments Cromartie is making about Rule 41(b). If she means that the district court should have dismissed her case under Rule 41(b) instead of Rule 12(b)(6) because then she would have been permitted the opportunity to refile her complaint, she is mistaken. Rule 41(b) provides that a dismissal for failure to state a claim that does not specify whether it is a dismissal with or without prejudice is, in fact, an "adjudication on the merits"—in other words, a dismissal with prejudice. *See* Fed. R. Civ. P. 41(b); *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1722 (2020). In any event, the district court dismissed her complaint with prejudice, and so Rule 41(b) is not implicated.[3]

Because we hold that Cromartie failed to identify any error in the district court's dismissal of her complaint with prejudice, we conclude that she necessarily fails to carry her burden to show that the district court abused its discretion in the process.

AFFIRMED.

---

identified deficiencies before dismissing a shotgun complaint with prejudice. *Id.; see also Jackson v. Bank of America, N.A.,* 898 F.3d 1348, 1358–59 (11th Cir. 2018). Cromartie received that opportunity.

[3] If, however, she means that the court erred by dismissing her case under Rule 41(b), she is mistaken as the district court did not utilize that rule. Instead, it granted the defendants' Rule 12(b)(6) motion to dismiss Cromartie's case as an impermissible shotgun pleading and for failure to state a claim upon which relief could be granted.