**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-7524**

─────────────

JOSEPH DWIGHT LAWSON,

Plaintiff - Appellant,

v.

STATE OF NORTH CAROLINA; STOKES COUNTY SHERIFFS DEPARTMENT; OFFICER DENNIS BROWN; JUDGE ANGELA B. PUCKETT; QUINTON HARRIS,

Defendants - Appellees.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cv-00433-WO-JLW)

─────────────

Submitted:  November 29, 2022                    Decided:  April 11, 2023

─────────────

Before NIEMEYER and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

Joseph Dwight Lawson, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

North Carolina state prisoner Joseph Dwight Lawson filed a 42 U.S.C. § 1983 complaint against the State of North Carolina, the Stokes County Sheriff's Department, Officer Dennis Brown, Judge Angela Puckett, and District Attorney Quinton Harris. Lawson alleged that these Defendants conspired to falsely arrest him so they could steal his property and convict him of a crime he did not commit. The district court, accepting the report and recommendation of the magistrate judge, dismissed Lawson's complaint under *Heck v. Humphrey*, 512 U.S. 477 (1994). The district court also dismissed the complaint as to the state of North Carolina, Judge Puckett, and District Attorney Harris on the alternate ground that they were entitled to immunity. We affirm in part, vacate in part, and remand.

Under 28 U.S.C. § 1915A(a), a district court must "engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity." *McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020). A district court must dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). This Court reviews de novo a dismissal under 28 U.S.C. § 1915A(b)(1), applying the same standards applicable to review of a Fed. R. Civ. P. 12(b)(6) dismissal. *Wilcox v. Brown*, 877 F.3d 161, 166 (4th Cir. 2017). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Carey v. Throwe*, 957 F.3d 468, 474 (4th Cir. 2020) (internal quotation marks

2

omitted). "[W]hen a plaintiff raises a civil rights issue and files a complaint pro se, the court must construe pleading requirements liberally." *Wilcox*, 877 F.3d at 167.

In *Heck*, the Supreme Court held that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

512 U.S. at 487.

The district court concluded that a judgment in Lawson's favor in this case would necessarily imply the invalidity of his underlying conviction. However, as Lawson contended before the district court and reiterates on appeal, the primary claim that he seeks to pursue is a damages claim for false arrest. "[A] claim for false arrest . . . does not by its nature call into question the validity of a conviction." *Reynolds v. Jamison*, 488 F.3d 756, 767 (7th Cir. 2007); *see also Gertsein v. Pugh*, 420 U.S. 103, 110 (1975) ("[A] conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause."); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996) ("[A] charge that probable cause for a warrantless arrest was lacking, and thus that the seizure was unconstitutional, would not necessarily implicate the validity of a subsequently obtained conviction—at least in the usual case."). Accordingly, the district court erred in dismissing Lawson's complaint at the pleading stage as barred by *Heck*.

3

However, the district court correctly found that the State of North Carolina, Judge Puckett, and District Attorney Harris are entitled to immunity. *See Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001) ("[I]t is well established that an unconsenting State is immune [by virtue of the Eleventh Amendment] from suits brought in federal courts by her own citizens as well as by citizens of another State." (internal quotation marks omitted)); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (discussing well established principle that judges are absolutely immune from suits for damages for acts committed within their judicial jurisdiction); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (finding that, as quasi-judicial officers, prosecutors enjoy absolute immunity when performing prosecutorial functions as an advocate for the state).

Because the district court erroneously dismissed Lawson's complaint in its entirety as barred by *Heck*, we vacate the district court's order dismissing Lawson's complaint as to Officer Brown and the Sheriff's Department and remand for further proceedings. We express no opinion on the merits of Lawson's false arrest claim. We affirm the judgment as to the State of North Carolina, Judge Puckett, and District Attorney Harris. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*

4