# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-50732
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2025

Lyle W. Cayce
Clerk

Darryl Lynn Brown,

*Plaintiff—Appellant*,

*versus*

Julia Luna, *Special Review Board*; Marissa Clay, *Special Review Board*,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-931

————————————————————————

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Darryl Lynn Brown, Texas prisoner # 455872, appeals the dismissal of his 42 U.S.C. § 1983 complaint challenging the denial of his request for special review of the denial of his release on mandatory supervision. The district court dismissed without prejudice his habeas claims for lack of jurisdiction as an unauthorized successive 28 U.S.C. § 2254 application. It

————————————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

dismissed without prejudice pursuant to 28 U.S.C. § 1915(e) Brown's claims for monetary damages against the appellees as barred by sovereign immunity. It found Brown's remaining claims were frivolous under § 1915(e) and dismissed them with prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Brown timely appealed. He also filed a motion for appointment of counsel.

According to Brown, Julia Luna and Marissa Clay misapplied the law by denying his request for special review of the denial of mandatory supervision. Brown does not seek habeas relief or challenge the dismissal of his habeas claims on appeal. *Cf.* 28 U.S.C. § 2253(c). As for his non-habeas claims, Brown argues their merits but does not address sovereign immunity or the *Heck* bar. Although we liberally construe pro se litigants' briefs, the litigant must still brief his arguments before this court can consider them. *Davis v. Lumpkin*, 35 F.4th 958, 962 n.1 (5th Cir. 2022). When an appellant fails to identify any error in the district court's analysis, it "is the same as if he had not appealed that judgment." *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Brown has failed to identify any error in the district court's dismissal of his claims, he has abandoned any challenge to the district court's decision on appeal. *See Davis*, 35 F.3d at 962 n.1; *see also Brinkmann*, 813 F.2d at 748. Accordingly, Brown's appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. Brown's motion for appointment of counsel is DENIED.

The district court's dismissal of Brown's § 1983 claims pursuant to § 1915(e) counts as a strike under § 1915(g). *See Brown v. Megg*, 857 F.3d 287, 290-92 (5th Cir. 2017); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 462-63 (5th Cir. 1998); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (addressing dismissal without prejudice). The dismissal of Brown's appeal as frivolous also counts as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman*

No. 24-50732

*v. Tollefson*, 575 U.S. 532, 534 (2015). Brown is WARNED that he now has at least two strikes and that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).