# SUPREME COURT OF THE UNITED STATES

### TERENCE CLARK, DIRECTOR, PRINCE GEORGE'S COUNTY DEPARTMENT OF CORRECTIONS, ET AL. *v.* JEREMIAH ANTOINE SWEENEY

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 25–52.   Decided November 24, 2025

PER CURIAM.

A Maryland jury found Jeremiah Sweeney guilty of second-degree murder and several other crimes. Sweeney's convictions were affirmed on appeal, and his bid for post-conviction relief in state court was unsuccessful. Sweeney sought habeas relief in Federal District Court, and that court, too, denied relief. But the Fourth Circuit reversed and ordered a new trial, relying on a claim that Sweeney never asserted. Because the Court of Appeals departed dramatically from the principle of party presentation, we reverse.

## I

According to the State's witnesses at trial, Jeremiah Sweeney was arguing one night with neighbors about stolen marijuana. He eventually opened fire, missing his intended targets but killing a bystander who was about 75 yards away. At issue during trial was whether Sweeney could have been the shooter given his location and the angle of the bullet wound.

After the State rested its case, Juror 4's curiosity got the best of him, and he decided to check out the crime scene for himself. Shortly after jury deliberations began, Juror 4 told the jury about his visit, and the jury promptly reported his visit to the court. The parties conferred and eventually agreed that rather than declare a mistrial, the court would dismiss Juror 4 and deliberations would proceed with 11

jurors. Sweeney was convicted, and his convictions were affirmed on direct appeal.

Sweeney later filed a petition for postconviction relief in state court. He argued, among other things, that his trial counsel was ineffective under *Strickland* v. *Washington*, 466 U. S. 668, 686 (1984), for not seeking to *voir dire* the entire jury to ensure that no other juror was tainted by Juror 4's unauthorized crime-scene visit. The state court denied relief after a hearing. With the help of appointed counsel, Sweeney then petitioned for a writ of habeas corpus under 28 U. S. C. §2254 in Federal District Court. As in state court, Sweeney argued that his trial counsel was ineffective for not seeking to *voir dire* the entire jury. The District Court denied Sweeney's petition, concluding that the state court's application of *Strickland* was not objectively unreasonable.

In an unpublished opinion, the Fourth Circuit reversed— but not on the ineffective-assistance claim that Sweeney brought. Instead, the Fourth Circuit declared that Sweeney's trial was marred by a "combination of extraordinary failures from juror to judge to attorney" that deprived Sweeney of his right to be confronted with the witnesses against him and his right to trial by an impartial jury. App. to Pet. for Cert. 22a, 29a. That error, the Court of Appeals concluded, entitled Sweeney to a new trial. Judge Quattlebaum dissented, criticizing the majority for "flout[ing]" traditional principles of party presentation. *Id.*, at 99a–103a.

## II

"In our adversarial system of adjudication, we follow the principle of party presentation." *United States* v. *Sineneng-Smith*, 590 U. S. 371, 375 (2020). The parties "'frame the issues for decision,'" while the court serves as "'neutral arbiter of matters the parties present.'" *Ibid.* (quoting *Greenlaw* v. *United States*, 554 U. S. 237, 243 (2008)). To put it

plainly, courts "call balls and strikes"; they don't get a turn at bat. *Lomax* v. *Ortiz-Marquez*, 590 U. S. 595, 599 (2020).

The Fourth Circuit transgressed the party-presentation principle by granting relief on a claim that Sweeney never asserted and that the State never had the chance to address. Sweeney asserted "one, and only one," claim in his federal habeas petition: that his counsel was ineffective for failing to investigate whether other jurors had been prejudiced by Juror 4's crime-scene visit. App. to Pet. for Cert. 53a (Quattlebaum, J., dissenting). Instead of ruling on that claim, the Fourth Circuit devised a new one, based on a "combination of extraordinary failures from juror to judge to attorney." *Id.*, at 22a. The Fourth Circuit's "radical transformation" of Sweeney's simple ineffective-assistance claim "departed so drastically from the principle of party presentation as to constitute an abuse of discretion." *Sineneng-Smith*, 590 U. S., at 380, 375. We accordingly reverse the judgment of the Fourth Circuit and remand the case for further proceedings.

On remand, the Fourth Circuit should analyze the ineffective-assistance claim that Sweeney asserted. Under the Antiterrorism and Effective Death Penalty Act of 1996, relief is barred unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U. S. C. §2254(d). When assessing a *Strickland* claim that a state court has already adjudicated, the "analysis is 'doubly deferential.'" *Dunn* v. *Reeves*, 594 U. S. 731, 739 (2021) (*per curiam*) (quoting *Burt* v. *Titlow*, 571 U. S. 12, 15 (2013)). "[A] federal court may grant relief only if *every* 'fairminded jurist' would agree that *every* reasonable lawyer would have made a different decision." 594 U. S., at 739–740 (quoting *Harrington* v. *Richter*, 562 U. S. 86, 101 (2011)).

Per Curiam

The petition for certiorari is granted, the judgment of the Fourth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*